UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| JEREL CLANNEY | : | |
| 303 Enid Court | | |
| Georgetown, KY  40324 | : | CASE NO. |
| | | |
| Plaintiff | : | JUDGE: |
| | | |
| vs. | : | MAGISTRATE JUDGE: |
| | | |
| LIBERTY LIFE ASSURANCE | | |
| COMPANY OF BOSTON | | |
| 175 Berkeley St. | : | **COMPLAINT** |
| Boston, MA  02117 | | |
| | | |
| and | | |
| | | |
| TOYOTA MOTOR ENGINEERING & | | |
| MANUFACTURING NORTH AMERICA, | | |
| INC. GROUP DISABILITY INCOME | | |
| POLICY | | |
| 1001 Cherry Blossom Way | | |
| Georgetown, KY  40324 | | |
| | | |
| **Defendants** | | |

Now comes the Plaintiff, Jerel Clanney, by and through counsel, and for his Complaint hereby states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of the Court is based upon the Employee Retirement Income

1

Security Act of 1974 (ERISA) and, in particular, 29 U.S.C. § 1132(e)(1) and 1132(f). These statutory provisions give district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of Employee Welfare Benefit Plans.  In this case, the Plaintiff, Jerel Clanney, asserts a claim for group disability benefits available under a long-term disability Plan provided for the employees of Toyota Motor Engineering & Manufacturing North America, Inc. (hereinafter the "Plan"). The Plan and policy documents should be included in the Administrative Record that Defendants file with this Court.   This action is also brought pursuant to 28 U.S.C. § 1331 which gives district court's jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials.  Plaintiff has exhausted those avenues of appeal.

## NATURE OF ACTION

3. Plaintiff, Jerel Clanney, seeks an award of disability benefits, including disability income benefits pursuant to an Employee Welfare Benefit Plan providing group disability benefits to employees of Toyota Motor Engineering & Manufacturing North America, Inc (hereinafter, "Toyota").  This action is brought pursuant to § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B).  Plaintiff also seeks to enforce the right to future benefits and demand that Defendants account for past benefits and pay future benefits.

## THE PARTIES

4. Plaintiff was an active employee under the Plan and eligible for benefits as a qualified employee when his medical condition deteriorated and he could no longer work. Plaintiff is now disabled. Venue is proper in the Eastern District of Kentucky because the agreement providing long-term disability benefits was breached in Scott County, Georgetown, Kentucky.

5. At all times relevant hereto, the long-term disability plans constituted an "Employee Welfare Benefit Plan" as defined by 29 U.S.C. § 1002(1). Plaintiff became disabled while employed under the Plan and has coverage as a Plan participant as defined by 29 U.S.C. § 1002(7).

6. The Plan's "Claim Administration" is run by a Plan Fiduciary, which, upon information and belief, is Liberty Life Assurance Company of Boston, (hereinafter, "Liberty Life").

## STATEMENT OF FACTS

7. Jerel Clanney was hired by Toyota on May 23, 1988 and worked as a Production Team Manager, before having to leave work on April 8, 2015, due to symptoms associated with uncontrolled diabetes, hypertension, atrial fibrillation, aortic stenosis, mild pulmonary hypertension, peripheral artery disease, obstructive sleep apnea, bilateral carpal tunnel, Class 3 obesity, lumbar spinal stenosis, osteoarthritis of the left

hip status post right hip replacement 2011, osteoarthritis of the right knee status post right knee replacement July 6, 2015, and status post right hip replacement April 27, 2015.

8. Mr. Clanney worked as a "Production Team Manager" which is a semi-skilled, medium strength demand occupation.

9. Mr. Clanney applied for short-term disability benefits upon his departure from work. These benefits were approved and paid for the time period of April 8, 2015 through October 14, 2015.

10. Long-term disability benefits began on October 15, 2015 and were paid for the inability to perform his "own occupation" until October 14, 2017. On October 15, 2017, the definition of disability changed to being unable to perform "any occupation" and Plaintiff was paid until October 23, 2017 (8 days), under this definition of disability.

11. The definition of disability that Plaintiff must meet under the Toyota policy, is as follows:  <u>"...the Covered Person, as a result of, Injury or Sickness, is unable to perform with reasonable continuity, the Material and Substantial Duties of Any Occupation</u>."

12. "Any Occupation" means, "any occupation that the Covered Person is or becomes reasonably fitted by training, education, experience, age, physical and mental capacity."

4

13. On October 23, 2017, Liberty Life issued its first denial of Plaintiff's long-term disability benefits. The adverse decision was based on the non-examining file review reports of two consulting physicians: Janet Whirlow, M.D. and Lenworth Ellis, M.D. Both consulting physicians concluded, without examination, that Plaintiff would be capable of performing a sedentary occupation. Additionally, a Transferable Skills Analysis was completed using only restrictions and limitations outlined by Dr. Whirlow.

14. Plaintiff filed his own appeal on February 14, 2018 and supplied Liberty life with an extensive letter detailing his arguments and updated medical records. These medical records included statements from his physicians that supported disability as well as EMG testing that showed abnormal results and MRI testing which showed significant lumbar spinal stenosis from L3-S1. As part of Plaintiff's appeal, he submitted an office note dated October 26, 2017, from Dr. Gregory D'Angelo, which stated,

> "I think he has significant disability due to back issues. He has severe spinal stenosis at 2 levels. He is ambulating with a cane. He has poor sitting and standing and walking tolerance. I believe that the fact that he got his Social Security disability without much problem combined with his physical and imaging findings is sufficient evidence to explain why he is unable to hold down full-time employment."

15. In response, Liberty Life, through its vendor, MCN, hired Susan Aull, M.D., to perform another non-examining file review. On April 12, 2018, Dr. Aull concluded that, "There is insufficient medical records to support documentation from October 24, 2017, to present."

16. On April 19, 2018, Liberty Life posed two additional questions to Dr. Aull and in response Dr. Aull provided, what she believed, to be restrictions and limitations for Plaintiff, consistent with a sedentary occupation. These restrictions included no restrictions for upper extremity fine motor despite her first report listing "right carpal tunnel syndrome severe, left carpal tunnel syndrome moderate, severe right and moderate left ulnar neuropathy", as diagnoses that were supported by the medical evidence. Additionally, Dr. Aull is aware that Mr. Clanney has two artificial hips and a right artificial knee that make it difficult to stand and walk for any length of time, but without exam, she concluded that Plaintiff can stand for 4 hours in an 8 hour day and walk for 4 hours in an 8 hour day.

17. On April 26, 2018, Liberty Life contacted Dr. Aull for a third time for opinion clarification and Dr. Aull concluded that the only additional restriction she added was a limitation on walking distance, 250 feet per day.

18. Liberty Life issued its final denial letter on May 3, 2018 which advised that Mr. Clanney had exhausted his administrative remedies and could file a lawsuit under § 502(a) of ERISA.

**FIRST CAUSE OF ACTION**
**CLAIM FOR BENEFITS UNDER 29 U.S.C. § 1132(a)(1)(B)**

19. Plaintiff incorporates as if fully restated herein the allegations in paragraphs 1 through 18 of the Complaint.

20. Defendant Plan and Liberty Life failed to exercise the statutorily required duty of care and prudence, failing to administer the Plan solely in the interests of the participants and beneficiaries as required under 29 U.S.C. § 1104(a)(1), and by denying the benefits to the Plaintiff contrary to the law and terms of the Plan. Liberty Life and the Plan have arbitrarily ignored and selectively reviewed documents Plaintiff has submitted and has failed to provide a full and fair review.

21. Defendant Liberty Life has an inherent "conflict of interest" as it has a dual role as both evaluator and payor of benefit claims, which is to be considered as a factor in the review of any benefit determination. The conflict of interest effected the decision to deny benefits. The conflict allowed Liberty Life to use its own directly compensated physician employees and nurse reviewers and allowed for an overreliance on non-examining physicians' opinions. The conflict of interest caused Liberty Life to disregard relevant evidence with no explanation and totally or partially caused the denial of benefits without using a reasoned process.

22. While Defendant Liberty Life may have the authority to make claims determinations under applicable law and the language of the Policy, Liberty Life's determinations as Plan Fiduciary are not entitled to deference and the review of any benefits determination must be made *de novo*.

23. As a full *de novo* review of this decision and the evidence in the claim file is required by statute, this Court may not abrogate its duty to perform such a review. Any

failure to provide such a review would violate the US Constitution and deprive Plaintiff of constitutional rights, including under Article III and the principles of separation of powers, amongst others.

24.     If the Court determines that an arbitrary and capricious standard of review applies to this case rather than a *de novo* standard, Liberty Life's denial of benefits must be overturned due to the faulty evaluation, confusing methods and below market standards employed by Liberty Life in the evaluation of evidence. Standards applicable under ERISA, including as enumerated by this Court, the Sixth Circuit Court of Appeals and the United States Supreme Court have been violated by Liberty Life and an examination of the record reveals that Liberty Life's decision to discontinue benefits is not the result of a reasoned process and that it is, therefore, arbitrary and capricious.

25.     Liberty Life and the Plans have violated their duty to provide a full and fair review of claimant's evidence by engaging in the following acts: 1) Defendants have ignored evidence supplied by Plaintiff which supports his disability; 2) Defendants relied upon non-examining peer reviews that mischaracterized Plaintiff's medical severity; 3) Defendants have improperly relied upon conclusion based peer reviews which failed to address the claimant's actual limitations, which included chest pain, weakness, fatigue, and an inability to persist; and 4) Defendants have engaged in a selective review of evidence presented by the claimant.

26.     Plaintiff has exhausted his administrative remedies and the Plan still wrongfully denies benefits to which he is entitled.

27.     ERISA requires that an Employee Welfare Benefit Plan be established and maintained pursuant to a written instrument, 29 U.S.C. § 1192(a)(1).

28.     The disability Plan under which the Plaintiff Jerel Clanney was a participant at the time of his disability should be included in the Administrative record filed with this Court as those documents set forth the sole criteria for benefits for the Plaintiff.

29.     ERISA provides that an Employee Benefit Welfare Plan shall be established and maintained pursuant to 29 U.S.C. § 1192(a)(1).  Under the terms of this Plan documents, to be filed with the Administrative record, the termination of Plaintiff's benefits was clearly unreasonable and without basis.

30.     The Plan Administrator, the Plan and Liberty Life failed to provide a full and fair review under 29 CFR 2560.503-1 thereby depriving Plaintiff of her due process. See 29 CFR 2560.503-1(g)(1)(v)(A)&(B). The Code of Federal Regulations requires an adequate explanation of why the claimant's evidence was insufficient to award benefits. Liberty Life offered no explanation of why claimant's evidence was insufficient or why the evidence created by non-examining physicians was more reliable.

31.     Plaintiff is entitled to benefits and benefits are due and owing to Plaintiff from Defendants in an amount not yet ascertainable. Plaintiff seeks the payment of these benefits under 29 U.S.C. § 1132(a)(1).

**WHEREFORE**, Plaintiff, Jerel Clanney, prays for the following relief:

A.  That the Court enter judgment in Plaintiff Clanney's favor and against the Defendants and that the Court order the Defendants to account and pay disability income benefits to Plaintiff Clanney in an amount equal to the contractual amount of benefits to which Clanney is entitled;

B.  That the Court order the Defendants to pay Clanney's pre-judgment interest on all benefits that have accrued prior to the date of judgment and enter judgment accordingly and that the Court reserve jurisdiction to enforce the equitable decree;

C.  That the Court declare Jerel Clanney's rights under the ERISA Plan, the ERISA statute, and the applicable insurance laws and order the Defendants to continue paying Plaintiff Clanney benefits until such time as the Court decides that he meets the policy conditions for discontinuance of benefits and this is perfected by an Order of this Court;

D.  That the Court award the Plaintiff his attorney fees pursuant to 29 U.S.C. § 1132(g); and

E.  That Plaintiff recovers any and all other relief to which he may be entitled, as well as the costs of the suit.

Dated this 21st day of November, 2018

Respectfully submitted,

*/s/ Joseph P. McDonald*

---

Joseph P. McDonald (0055230)
McDonald & McDonald Co., L.P.A.
200 E. Spring Valley Rd, Suite A
Dayton, OH  45458
Tel: 937-428-9800
Fax: 937-347-5441
Email:  joseph@mcdonaldandmcdonald.com
Attorney for Plaintiff, Jerel Clanney