UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| JEREL CLANNEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | 5:18-cv-620-JMH |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| LIBERTY LIFE INSURANCE COMPANY | ) | **AND ORDER** |
| OF BOSTON and TOYOTA MOTOR | ) | |
| ENGINEERING NORTH AMERICA, | ) | |
| INC., GROUP DISABILITY INCOME | ) | |
| POLICY, | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*

This matter is before the Court upon the joint stipulation of dismissal between Plaintiff Jerel Clanney and Defendant Liberty Life Insurance Company of Boston. [DE 6]. These parties stipulate that the benefits offered by Defendant Toyota Motor Engineering North America, Inc., Group Disability Income Policy ("Toyota Plan" or "Toyota Policy") are insured by Liberty pursuant to the LTD policy and, as such, Liberty will satisfy any judgment rendered in this action. [*Id.* at 1, Pg ID 24]. As a result, the parties seek to dismiss the Toyota Policy without prejudice. [*Id.* at 1-2, Pg ID 24-25]. Here, because dismissal of a single party is appropriate under Federal Rule of Civil Procedure 21, the Court construes the joint stipulation as a motion to dismiss pursuant to Rule 21. Accordingly, the parties' motion [DE 6] is **GRANTED** and

1

the claims against the Defendant Toyota Policy are **DISMISSED WITHOUT PREJUDICE**.

## I. Procedural History

On November 21, 2018, Jerel Clanney filed a complaint under the Employee Retirement Income Security Act of 1974 ("ERISA") asserting a claim for group disability benefits available under a long-term disability insurance policy provided for employees of Toyota Motor Engineering Company. Liberty executed a wavier of the service of summons that was filed on December 27, 2018, [DE 5] and has not answered the complaint.

Now, Clanney and Liberty have filed a joint stipulation of dismissal, seeking to dismiss the Toyota Policy, which was named as a co-defendant in this action. [DE 6]. The Toyota Policy has not answered or appeared in this action.

## II. Analysis

The parties do not cite any rule of civil procedure that provides legal authority justifying dismissal. [*See* DE 6]. Normally, stipulations of dismissal are filed to dismiss an action under Federal Rule of Civil Procedure 41(a). But, as this Court has previously explained, under Sixth Circuit precedent Rule 41(a) only allows dismissal of an entire action, not some of the defendants. *United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462, 464 (E.D. Ky. 2018) (citing *Philip Carey Manufacturing Company v. Taylor*, 286 F.2d 782, 785 (6th Cir.

1961)). Admittedly, while some federal circuits disagree with the Sixth Circuit's interpretation of Rule 41(a), this Court is bound by Sixth Circuit precedent. *See Preferred Care*, 326 F.R.D. at 464; *see, e.g.*, *Van Leeuwen v. Bank of Am., N.A.*, 304 F.R.D. 691, 693–94 (D. Utah 2015) (discussing the circuit split and citing cases).

But no matter. The Court construes filings "by their substantive content and not by their labels," and, as such, the Court will construe the current joint stipulation of dismissal as a motion to drop a party under Rule 21. *See Coleman v. Ohio State Univ. Med. Ctr.*, No. 2:11-cv-0049, 2011 WL 3273531, at *3 (S.D. Ohio Aug. 1, 2011).

Rule 21 may be used for the dismissal of a single defendant. *See Taylor*, 286 F.2d at 785 ("we think that [Rule 21] is the one under which any action to eliminate" a single defendant should be taken); *see also Letherer v. Alger Grp., LLC*, 328 F.3d 262, 266 (6th Cir. 2003), *overruled on other grounds by Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 636 (6th Cir. 2008); *Wilkerson v. Brakebill*, No. 3:15-CV-435-TAV-CCS, 2017 WL 401212 (E.D. Tenn. Jan. 30, 2017) ("Rule 21 is the more appropriate rule"); *Lester v. Wow Car Co., Ltd.*, No. 2:11-cv-850, 2012 WL 1758019, at *2 n.2 (S.D. Ohio May 16, 2012) ("the Sixth Circuit has suggested that dismissal of an individual party, as opposed to an entire action, is properly conducted pursuant to Rule 21, not Rule 41"); *Warfel*

3

*v. Chase Bank USA, N.A.*, No. 2:11-cv-699, 2012 WL 441135, at *2 (S.D. Ohio Feb. 10, 2012). Thus, the Court construes the parties' joint stipulation of dismissal as a Motion to dismiss a single party under Rule 21.

"On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The rule applies where "no relief is demanded from one or more of the parties joined as defendants." *Letherer*, 328 F.3d at 267. Normally, under the rule, Courts must consider prejudice to the nonmoving party. *See Wilkerson*, 2017 WL 401212, at *2; *Arnold v. Heyns*, No. 13-14137, 2015 WL 1131767, at *4 (E.D. Mich. Mar. 11, 2015). The inquiry overlaps with Rule 41 standards "as guidance in evaluating potential prejudice to the non-movant." *Wilkerson*, 2017 WL 401212, at *2. Courts determine whether the nonmoving party would suffer "plain legal prejudice" and consider: (1) defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on plaintiff's part in prosecuting the case; (3) insufficient explanation for the need for dismissal; and (4) whether a motion for summary judgment is pending." *Grover v. Eli Lily & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). The Court will consider each factor in turn below.

First, the Defendant Toyota Policy has likely expended very little effort or expense, if any, in preparation for trial in this action. This action is in its infancy. In fact, neither of the

4

Defendants have answered and no scheduling order has been entered in this action. As a result, the Defendant Toyota Policy has likely expended few resources defending this action and the first factor indicates that the Toyota Policy will suffer no prejudice by dismissal under Rule 21.

Second, there is no indication of delay or a lack due diligence on the Plaintiff's part in prosecuting this matter. This action was filed on November 21, 2018, and the Plaintiff has requested and received a waiver of service from Liberty. [DE 5]. As a result, it appears that the Plaintiff is diligently prosecuting this action and that the parties have begun communicating about this action in good faith. As such, the second factor indicates that the Toyota Policy will suffer no prejudice by dismissal.

Third, Clanney and Liberty have notified that Court that Liberty will satisfy any judgment rendered in this action for Clanney's ERISA claims and "will not raise procedural issues relating to the exclusion of the plan as defendant for purposes of its defenses." [DE 6 at 1, Pg ID 25]. As a result, there is no need to require the Toyota Plan to be named as a defendant and defend in this action, since the parties agree that the Toyota Policy is not necessary for the adjudication of the claims in this action. As such, the parties have provided a sufficient

justification for dismissal and third factor indicates that the Toyota Policy will not be prejudiced by dismissal.

Fourth, and finally, there is no pending motion for summary judgment pending in this action, which also weighs in favor of dismissal.  In fact, the Toyota Policy has not appeared and there have been no counterclaims or crossclaims filed in this matter.

In sum, the factors used as guidance to consider potential prejudice to the nonmovant all indicate that the Toyota policy will suffer no prejudice and support dismissal of the Toyota Policy in this action.  Of course, dismissal without prejudice leaves open the possibility that this action may be refiled against the Toyota Policy or that Liberty may raise other procedural or substantive defenses in this action.  Still, dismissal of the Toyota Policy as a defendant will prevent the Policy from incurring the expense of defending in this action.  Accordingly, **IT IS ORDERED** as follows:

(1)  The Court construes the parties' Joint Stipulation of Dismissal Without Prejudice [DE 6] as to Defendant Toyota Motor Engineering North America, Inc., Group Disability Income Policy, as a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 21;

(2)  The Motion to Dismiss based on the Joint Stipulation of Dismissal [DE 6] is **GRANTED**;

(3) All claims against Defendant Toyota Motor Engineering North America, Inc., Group Disability Income Policy are **DISMISSED WITHOUT PREJUDICE**; and

(4) This dismissal does not apply to the other Defendants in this matter.

This the 15th day of January, 2019.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge